(Continued on Page 64)

---

### STATE v. BLAIR.

Ohio Appeals, 4th Dist., Pike Co.

Earl D. Parker, Morgantown, for State.

Edgar G. Millar, Portsmouth, and Levi B. Moore, Waverly, for Blair.

**681.  JURISDICTION—465.  Error Proceedings—664.  Jeopardy—384.  Demurrer— 118.  Automobiles—629.  Indictments.**

MAUCK, J.

1. Under Section 6, Article IV of the Constitution, conferring jurisdiction on Court of Appeals to review judgments of Court of Common Pleas, Superior Courts, or other courts of record, Court of Appeals need not longer examine statutes to determine its jurisdiction.

2. Discharge of accused in criminal case on demurrer to indictment is "final" adjudication of rights of parties under indictment, and is such a judgment as supports proceedings in error.

3. Jeopardy does not attach to accused in criminal case until jury is sworn.

4. Judgment discharging accused on demurrer to indictment may be reviewed by state on proceeding in error, and if indictment is sufficient judgment may be reversed and defendant tried on merits.

5. Under 12603 GC., prohibiting operation of motor vehicle at improper speed and providing that 35 miles per hour outside municipal corporation shall be prima facie evidence of speed greater than is reasonable, indictment alleging that accused was driving at speed exceeding 35 miles an hour outside limits of city, without alleging speed was improper, held insufficient to state offense.

6. Under 12603 GC., prohibiting operation of motor vehicle at improper speed and making 35 miles per hour outside municipal corporation prima facie evidence of improper speed, speed of less than 35 miles at such place might be criminal, and speed greater than that may be lawful.

(Middleton, J., concurs.  Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.